United States District Court
Southern District of Texas
**ENTERED**
April 17, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OCIE MARTIN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-3691 |
| | § | |
| EQUIFAX INFORMATION SERVICES, | § | |
| LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Ginny's, Inc.'s Motion to Dismiss. (Doc. No. 17). After considering the Motion and all applicable law, the Court determines that Defendant's Motion to Dismiss must be **GRANTED**. The case is dismissed without prejudice to refiling.

### I.   BACKGROUND

Plaintiff Ocie Martin alleges that Defendant Ginny's Inc. is inaccurately reporting a trade line on Plaintiff's Equifax credit disclosure.[1] (Doc. No. 1, at 2). On April 18, 2019, Plaintiff obtained her credit file from Equifax. *Id.* at 3. The file listed a scheduled monthly payment of $20.00 by Defendant. *Id.* at 2. On May 9, 2019, Plaintiff submitted a letter to Equifax, disputing the trade line, arguing that the account in question had been charged off and closed. *Id.* at 3. Although Plaintiff still owes the balance of her debt to Defendant, because the account was charged off, she is no longer required to pay according to the original terms of the contract. Equifax forwarded Plaintiff's dispute to Defendant. *Id.* On August 2, 2019, Plaintiff obtained her Equifax

---

[1] Equifax Information Services, LLC was originally a defendant in this case. Plaintiff has since voluntarily dismissed all claims against Equifax. (Doc. No. 22). Defendant Ginny's Inc. is the only remaining defendant. As such, all references to "Defendant" refers to Defendant Ginny's Inc. only.

1

credit disclosure again. *Id.* The disclosure continued to show the $20.00 monthly payment amount. *Id.*

Plaintiff filed suit on September 27, 2019, alleging willful and negligent violations of the Fair Credit Reporting Act (FCRA). *Id.* Defendant filed its Motion to Dismiss on January 31, 2020. (Doc. No. 17).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Well-pleaded factual allegations in the complaint must be accepted as true and must be viewed "in the light most favorable to the plaintiff[]." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Courts do not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)).

## III.    ANALYSIS

Under the FCRA, furnishers of information to credit reporting agencies have a duty to investigate disputed information after receiving notice of a dispute from a credit reporting agency. 15 U.S.C. § 1681s-2(b)(1)(A). If the investigation finds that the information is incomplete or inaccurate, the furnisher of information has further duties to report and correct the incomplete or

inaccurate information. *See id.* § 1681s-2(b)(1)(D)–(E). A credit entry is inaccurate "either because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 896 (5th Cir. 1998).

Plaintiff alleges that Defendant was inaccurately reporting Plaintiff's debt. Plaintiff's credit report stated that she owed Defendant monthly payments of $20.00. (Doc. No. 1, at 2). Plaintiff alleges that, because the account was charged off and closed, the monthly payment amount should have reflected $0.00. *Id.* at 3. Defendant argues that the disputed trade line was not inaccurate, because the report notated that the account was charged off and closed, and thus, it was clear that the $20.00 monthly payment notation was historical information. (Doc. No. 27, at 2). Plaintiff does not describe other notations for the disputed account and seems to indicate that there were charged off and closure notations. (Doc. No. 24, at 7 ("Ginny's had been reporting its account in Plaintiff's credit file as charged off and closed.")).

With such additional notations that the account had been charged off and closed, the disputed trade line was not so misleading as to be inaccurate. Under the Fifth Circuit's definition of "inaccurate," such a reporting of a historical monthly payment amount is far from misleading to the point of "adversely affect[ing] credit decisions," as the charged off and closed notations would indicate that the monthly amounts were no longer due on an ongoing basis. Courts in other districts have reached similar conclusions. *See Rodriguez v. Trans Union LLC*, No. 1:19-CV-379, 2019 WL 5565956, at *3 (W.D. Tex. Oct. 28, 2019) (finding credit report was not inaccurate where report stated that $345 was paid per month, but account was also closed, charged off, paid in full, and had $0 balance); *Meeks v. Equifax Info. Servs., LLC*, No. 1:18-CV-3666, 2019 WL 1856411, at *5–6 (N.D. Ga. Mar. 4, 2019) (finding credit report was not inaccurate when included monthly

payment amount because report also stated balance was $0, status was charged off, account was closed, and debt was sold to another company); *Gibson v. Equifax Info. Servs., LLC*, No. 5:18-cv-00465, 2019 WL 4731957, at *4 (M.D. Ga. July 2, 2019) (finding credit report was not inaccurate where monthly payments included, but accounts shown as closed and balances were $0). The $20.00 monthly charge on Plaintiff's credit report was not misleading where the report also noted that the account was charged off and closed, thus indicating that Plaintiff no longer paid that monthly amount. Because historical information about an account is not misleading where other information clearly indicates that the account is no longer active, the disputed trade line on Plaintiff's credit report is not inaccurate. Any conclusory allegations by Plaintiff that the report is inaccurate do not create a claim sufficient to survive a motion to dismiss.

Because Plaintiff does not dispute that her credit report included notations that the disputed account was charged off and closed, Plaintiff has not pled facts that support an allegation that the disputed trade line was inaccurate. Thus, Plaintiff's Complaint fails to state a claim under the FRCA. The Court hereby **GRANTS** Defendant's Motion to Dismiss. The case is **DISMISSED WITHOUT PREJUDICE** to refiling, if Plaintiff has additional facts to add regarding the inaccuracy of the disputed trade line.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 17th day of April, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE